IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02679-BNB

DAVID L. COLLINS,

     Applicant, named as Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA, d/b/a KIT CARSON
     CORRECTIONAL CENTER, and
WARDEN/TRUSTEE CHAPMAN,

     Respondents, named a Respondant [sic].

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 2 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

     Applicant, David L. Collins, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Kit Carson Correctional

Facility in Burlington, Colorado.  He submitted to the Court *pro se* a motion titled

"Motion for Removal From State to Federal Jurisdiction" and two documents titled

"Subpoena Duces Tecum," each with an accompanying "Motion in Support of Issuance

of Subpoena Duces Tecum."

     On November 3, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Collins to

cure certain enumerated deficiencies in this case within thirty days.  Specifically, Mr.

Collins was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 on the Court-approved form and list the proper Respondent.  In addition,

he was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and

a certificate of the warden or other appropriate prison officer as to the amount of money

on deposit in his inmate trust fund account.  He was informed that the § 1915 motion and affidavit only was necessary if the $5.00 filing fee was not paid in advance.  Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution."  The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement.

The November 3 order warned Mr. Collins that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice. Mr. Collins has failed within the time allowed to cure the designated deficiencies. Accordingly, it is

ORDERED that action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, David L. Collins, within the time allowed, to cure the deficiencies designated in the November 3, 2010, order to cure.  It is

FURTHER ORDERED that the motions titled "Motion for Removal From State to Federal Jurisdiction" and "Motion in Support of Issuance of Subpoena Duces Tecum," all of which were submitted on November 3, 2010, are denied as moot.  It is

FURTHER ORDERED that the petitions for change of venue submitted on November 23 and 24, 2010, are denied as moot.  It is

2

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _22nd_ day of ____December_____,

2010.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  10-cv-02679-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT**  to
the above-named individuals on December 22, 2010.


GREGORY C. LANGHAM, CLERK

By:_____
                          Deputy Clerk